Good morning, Your Honor. May it please the Court, my name is Gordon Kalp and I represent the plaintiff appellant Kevin Poulsen. Mr. Poulsen substantially prevailed in this FOIA litigation when he obtained some relief through an order issued by the District Court that required the government to produce responsive, non-exempt FOIA records by July 20, 2018. Mr. Kalp, if the scheduling order had never been entered, would your client be entitled to attorney's fees? because that only comes into play when there is no judicial order. Here, under the first prong, Mr. Poulsen is substantially prevailed because he obtained relief through judicial order. He fits squarely within the precedent both of the Northern District of California in Sierra Club v. EPA and the D.C. Circuit precedent that the Northern District followed. The key errors the District Court made in this case are that it read a catalyst or causation requirement into the judicial order prong and then found that the order it issued requiring production by a date certain did not change the legal relationship between the parties. The District Court held, without any supporting authority, that its order requiring production by a date certain did not change the legal relationship between the parties because the government did not change its position due to the existence of the lawsuit. And here are the errors that we can identify. First, the court erred because there's no causation requirement under the judicial order prong. No case cited by the District Court or by the parties in this court has a court applied causation to the judicial order prong. Second, because the judicial order prong does not require a change in the government's position, that only applies to the second prong. However, the court applied that also to the first prong. That's the second error. And third, the court erred when it failed to find the binding authority of the Northern District of California in Sierra Club versus the EPA. Where there, the court held there was a change in the relationship between the parties when the plaintiff obtained an enforceable order like Mr. Polson had here. Finally, the court also erred when it stated that the outcome would be different if the government had opposed the order. Again, that is completely unsupported by any authority, and it goes against the precedent we have from the D.C. Circuit and District Courts that make clear that whether the government agrees with the order is immaterial. And I just want to underline for the court that at the time of the District Court's order, there was a published Northern District decision, the Sierra Club versus the EPA, that held an order such as the one here does change the legal relationship between the parties. And the Sierra Club followed the D.C. Circuit, which expressly ruled on three occasions that an order like the one here issued by a District Court changes the legal relationship of the parties because the order is enforceable and because it requires the government to produce non-exempt responsive records by a date certain. Here, the government proposed a timetable to review and produce records. The court adopted that timetable in a minute order. When the court issued that order, the legal relationship between the parties changed because Mr. Polson had obtained an enforceable order and the government was required to comply with it by producing the non-exempt responsive documents. And then the government did produce those documents, 412 pages of never-before-seen FISA court materials on July 20, 2018, the date in the court's order. Within this circuit, it is an open question as to whether obtaining some relief through an order such as a scheduling order, a minute order, or an order adopted pursuant to a stipulation that requires production of non-exempt responsive documents by a date certain changes the legal relationship between the parties and renders a FOIA litigant like Mr. Polson a substantially prevailing plaintiff and eligible for attorney's fees. We ask this court to adopt the precedent of the D.C. circuit and make that holding. I want to also just point out that the three cases that between the district court and cited by the government here that support their position the most are inapposite. But if the issue in the minute order was just a scheduling deadline and the government proposed that deadline, the reality is that they were going to produce the documents quite apart from the deadline being set. So how is it that that is attaining relief through a judicial order as opposed to the government's voluntary conduct? In other words, why aren't we under prong two rather than prong one? The reason why we're under prong one, the judicial order prong, is precisely because the court issued that order. You're right, Your Honor, that if the court had not issued the order and had voluntarily disclosed those documents, we would be under the voluntary or unilateral change in position. But the facts of this case, we do have a judicial order. And so in Judicial Watch v. FBI, in Davey v. CIA, in Campaign for Responsible Transplantation, all of those cases involved either a stipulation and proposed order that the government agreed to, or it involved the court in Citizens for Responsibility and Ethics in Washington adopting the government's time label to review and produce documents just as it did here. And all of those courts have found that the determining factor is once the order has been issued, it changes the legal relationship between the parties and it provides a judicial imprimatur. Whereas when the documents are released voluntarily prior to an order, there is no judicial imprimatur. And that's why some courts have then gone on to engage in a causation analysis. So your view is a bright line position that if there's an order that, by its literal terms, orders production by a date certain, that changes the parties' relation regardless of how that order came into existence. That's exactly correct, Your Honor. And that's exactly what the D.C. Circuit and the D.C. District Courts have held. That's exactly what the Northern District of California held in Sierra Club v. EPA. And that is a bright line because it provides the FOIA plaintiff with an enforceable order and it requires the government to produce those records. It's no longer able to do so simply voluntarily. If we found ourselves under prong two, is a causal nexus necessary under prong two? Well, that is a big question that Judge Berzon in the First Amendment Coalition has raised for this panel and for Mr. Polson. And she says there is no majority opinion in the Ninth Circuit by Judge Block's leading opinion where he found the causation requirement should be applied to the second prong. And we agree with Judge Berzon. When you look at the First Amendment Coalition order, Judge Mergia, she goes ahead and produces a whole other standard. So we have three competing standards under that prong. But Judge Mergia joined the section two of Judge Block's opinion, which is the part that imposes the causation requirement. Is that not a majority? Well, Judge Mergia did state that she joined the portion two of the First Amendment Coalition. But we also have Judge Berzon saying explicitly that there's no majority on that point. And so it's a strange situation, to say the least, where we have judges disagreeing in an opinion as to whether there's a majority or not as to the application of a standard. If this panel finds that there is no majority opinion adopting a causation requirement, we would urge the court, along with Judge Berzon's analysis and ours, to not apply the causation requirement. If this panel does decide that there was a majority opinion or that a causation requirement should be applied to the second prong and decides that Mr. Poulsen does not fit under the first prong but fits under the second prong, we still believe that he has demonstrated eligibility for fees. And if there are no further questions at this time, I would reserve my remaining time for rebuttal. All right. Thank you, Mr. Overbold. Good morning, Your Honor. May it please the court, Leif Overbold with the Department of Justice. I know the Plaintiffs' Council has focused primarily on the scheduling order in the argument today, but I would like to just go back to what First Amendment Coalition decided. And reading Part 2 of the lead opinion in that case, it is clear that there is a majority for the holding that the effect of the 2007 amendments to the FOIA fees provision was to displace the Buckhannon test that had previously prevailed and reinstate the catalyst theory that this court had articulated in Church of Scientology and had long governed FOIA fee awards. And that standard requires the plaintiff to convincingly demonstrate that the litigation was necessary to obtain the documents sought and that had a substantial causative effect. But Judge Mugia did not think that the causation standard that Judge Block articulated in Section 2 ended up supporting the judgment that she ultimately joined. So to what extent does that analysis in Part 2 have true votes that support the judgment? That is true, Your Honor, that Judge Mugia ultimately did find eligibility on a different rationale. But I think we have to look both to the fact that she joined Part 2 of the lead opinion. And then second, her analysis is a further development of the purpose of the catalyst test to the particular circumstances of that case as she found them. So it is a further application of the purposes of the catalyst test, even if on those particular facts, which no one is arguing we fall into here, there is a limited circumstance in which you may still be able to demonstrate eligibility for fees. So under that standard, it is ultimately a factual determination for the district court to make reviewed by this court for clear error. And we have here a determination from the district court that the litigation, Mr. Polson's litigation, had no causative effects on the production of documents. So then move on to the D.C. Circuit cases on which much of the emphasis has been in the argument today. That finding that there was no causative effect is, as the district court found, a distinguishing feature of all of that line of cases. None of them involved a finding by the district court that there was no causative effect, no causal link between the litigation and the production of documents that were ultimately released as a result of an order requiring production of non-exempt responsive documents. In that circumstance, there is still the underlying requirement is to prove that the litigation was the catalyst for the production of documents. And when the plaintiff cannot do that, that precludes an ability to show eligibility, whichever prong you're proceeding under. Well, where do you find that? Where do you find that in the law? Well, so if in the First Amendment Coalition lead opinion itself, the requirement of a causal link, as the court noted in footnote 14 of that decision, that flows from Congress's continued use of the substantially prevailed standard, a plain reading of which requires some causal link between the plaintiff's action and the results that's claimed to provide some relief. Where you can't show that, and it's also from the textual hook that you have to have obtained relief through either the voluntary change of position or the judicial order. Whichever prong you're proceeding under, you have a requirement to show that you've substantially prevailed and obtained relief through whatever action it may be. And when, on the particular facts of this case, where you have in the middle of litigation an independent declassification determination that causes the government to reassess its position in this litigation, and, you know, within a week or two weeks, withdraw its summary judgment motion, a month later, propose a schedule by which it will review and produce any responsive documents. In that situation, you can't say that you have obtained relief through either the voluntary change or an order that memorializes the government's new position. Well, counsel, what if the DOD had not produced the documents on the date ordered by the court, or it failed to produce all of the responsive documents on the date required by the court? Would the plaintiff have been able to move for contempt for violating the order? There may have been some ability to use the action. There had been no determination what documents were responsive. As the plaintiff noted in the case management statement preceding the entry of the scheduling order, he took the position that it was unclear whether the defendants would release any documents as a result of the schedule. So there was no determination reflected in the order that any particular document should or should not be released. What you have is the government indicating that these independent events had required a re-evaluation of the status. What if the government hadn't produced any documents on that date certain? I apologize, Your Honor? What if the government hadn't produced any documents on that date certain? There had not been any judicial determination at that point what documents were exempt or not exempt. You're not answering my question, counsel. What if the government had failed to produce any documents on the date that was ordered in the scheduling order? Obviously, the government produced the documents it produced. You're not answering my question. I'm asking a very clear question. If the government had failed to produce documents in accordance with the scheduling order, would the plaintiff have been able to seek contempt? If it had failed to follow the scheduling order, there were responsive non-exempt documents that it did not produce. The plaintiff may be able to seek contempt on that order. If it had altered the relationship between the parties? It did not alter. I mean, it gave the plaintiffs an enforcement mechanism that it didn't have before the judge entered the order. It did provide potentially another enforcement mechanism. But it did not alter the legal relationship where the government proposed the schedule, proposed the review and processing of non-exempt documents. And in particular here, I mean, it's important to remember that there was multiple litigation, multiple cases seeking these same documents. The same scheduling order with the same July 20th deadline had already been entered in another case, a previously filed case. What is the significance of that? That whatever happened in this case, the government was under a requirement to what had already memorialized its intention to produce these documents by July 20th and would produce the documents on that July 20th date, whatever had happened in Mr. Polson's litigation. So it is, as a general matter, none of the cases on which the plaintiff lied involved this particular finding that the change in government position had no causal link to the litigation. They're all applying a different, you know, they are before the 2000, they are, excuse me, largely before the 2007 amendments assessing how Buckhannon in particular applies to the FOIA context. So we are now in a situation in which that test has been displaced and we are just looking for whether the plaintiff can demonstrate the substantial causes of effects that Church of Scientology articulates as the standard. And we have an order that the plaintiff indicated he did not read to require the production of any particular documents and that had already been entered. That same scheduling order had already been entered in another case and would be entered in other case in additional cases after its entry in this litigation. What does Buckhannon say about a causation requirement? Buckhannon does not address causation in particular. It is not a FOIA case. It's generally obvious, I think, that when you have a judicial order or a consent decree requiring the government defendant to take a certain position, causation may often be clear in those situations. So it does not speak to that issue. But you're claiming it's not here when there is an order that could be enforced by contempt. Well, this is the unusual situation where we do have a declassification determination that changes the status of documents that no one is arguing were not properly withheld at the outset of this litigation. This is the sort of example that First Amendment Coalition posited that you have that independent declassification determination that causes a switch in the government's position rather than... ...entitlement as opposed to eligibility? The D.C. Circuit in Brayton considered it in the context of entitlement, but in the lead opinion in First Amendment Coalition, it is also relevant to eligibility as that opinion reflects. It does go to whether you can show substantial causative effect. There may be a situation in which the district court could make a different factual determination notwithstanding some context like that. But the very factors that Church of Scientology asked the district court to look at, things like when was the plaintiff first entitled to get the documents sought, that tracks neatly onto that sort of situation where here there was no such entitlement at the time the suit was filed. Following this unrelated declassification determination, that changed the status and the government immediately began reviewing to see whether documents could be produced. It goes to the sort of traditional factors courts look to in determining whether there has been a substantial causative effect shown by the plaintiff, which has not been shown in this case. I think the only other point I would make is just on, you know, in thinking about what First Amendment Coalition did hold, the holding that some causative effect must be shown is consistent with every other court of appeals to look at this question since the 2007 amendments to the FOIA fees provision. And it has been reaffirmed in the D.C. circuit following First Amendment Coalition. What do you make of the fact that at one point as the amendment was being considered, at one point the text of the amendment did have a causation requirement. It was removed before the final version was enacted. And it's not on the face of the statute. The causation requirement remains on the face of the statute because it was initially read in by, you know, this court in Church of Scientology and other courts as part of what the plain meaning of substantially prevails requires. And that's that's consistent with. But we now have an express statutory definition of what substantially prevail means. And it's it's meant to be different from what the courts had said before. It does define substantially prevail, but the term defined is still substantially prevailed. And it still requires that you obtain relief through either the judicial order or the voluntary change in position, which, again, the natural reading of that is that it requires some sort of causal link between the litigation and the ultimate release of documents. So, you know. Every other court that looked at this has had no trouble determining what is also reflected in the legislative history that the purpose was to displace Buchanan in the FOIA context in particular and to restore the test that had previously applied, which required a showing of substantial causative effects. If the court has no further questions, we would ask that the district court's denial of conclusion eligibility be affirmed. Thank you, Your Honor. A few several quick points that I want to make. One, no court other than the lower court here has applied the causation requirement to the first prong, the judicial order prong. Second, this court need not reach the issue as to whether causation applies to the second prong. Because we have a judicial order, the second prong, voluntary or unilateral change in position, does not apply. Third, Buchanan did not alter the pre-amended statute. Buchanan only addressed when there was no order. And Buchanan did address whether substantial cause wouldn't make a litigant eligible for fees. And Buchanan eliminated that. Congress brought that back. But what this court held in lock and what other courts have found is that the amendment did not affect the first prong. The first prong today exists as it did pre-Buchanan. And it's very clear Judge Wardlaw hit it right on when you went and asked if the court order was enforceable. Could we hold the government in contempt? And the answer to that is yes. And counsel has made a point that the order here did not specify documents that are any documents in particular. But if you look at the orders in the other cases, whether it's the Northern District Sierra Club case or the cases out of the D.C. Circuit, they follow the same pattern because they're all the government's language proposed to the court. And that is review and produce non-exempt responsive documents by a date certain. There is a formula that's been adopted by the government in prior cases. And the courts have found that that creates an enforceable order that changes the legal relationship between the parties. I just want to bring up a couple of points. One, can I ask you about the second prong, which has a requirement that the complainants claim not that it can't be. It says the complainants claim is not insubstantial. At what point in the litigation is substantiality evaluated? That my understanding of that is that there are both procedural rights and substantive rights under the FOIA. A procedural right would be the processing of documents. A substantive right is when documents are released. If if a FOIA litigant receives some some responsive documents, their claim is not insubstantial. But their position is that on the day you file this action, you didn't have any basis for getting any relief because it was the, you know, the Glomar was going to hold there. Everything was going to be classified or they were not going to respond. You were going to get nothing. And it was a fortuity of the declassification that you ended up getting anything. So they seem to be that perhaps your claim was insubstantial on the day it was filed. Does that factor into the analysis? A few points, Your Honor. One, that factors into the entitlement analysis. As Brayton and the other courts have analyzed whether a plaintiff is entitled to fees, which is not before this court, only eligibility is. So it pertains to that analysis. So so no, it doesn't factor into into this court's analysis until we get to that point. But I will also point out that the statute talks about an insubstantial claim only as to the second prong. That does not apply to the first prong. I just wanted to further distinguish a couple of cases. Dorsen versus United States SEC. That involved the voluntary disclosure of non-exempt responsive documents. It did not address the judicial order prong. Brayton is an apposite because that denied fees based on entitlement and they did not address eligibility. We're also factually distinct from Brayton because in Brayton, it was the FOIA litigants sought the exact document that was later released. Here, we were not seeking the Nunez or the Schiff memos. We were seeking the documents that reflected the surveillance, which was eventually disclosed in the 412 pages of FISA materials that we received. Those FISA materials are significantly different than the Schiff and the Nunez memos because they go through the really rich, detailed, factual basis for the FISA applications, which is absent from the Schiff and Nunez memos. I also want to just point out that the Western District of Pennsylvania decision that was relied on by the court is also an apposite because in that case, the FOIA litigant also had claims under the Administrative Procedures Act. And she obtained records under the APA. The court had already dismissed her FOIA claims, her substantive FOIA rights, and said that all she had was a procedural right to the processing and review of records. The reason the court did that is because the documents she sought were not held by a government agency. They were held by an independent research organization that received federal funding. And I see that my time is up. I would just urge the court to adopt the precedent set by Sierra Club v. EPA and the District Circuit Courts and to find Mr. Polson eligible for fees and to remand to the District Court for determination on entitlement to fees. Thank you for your time today. Thank you. Council, thank you very much. Polson v. DOD will be submitted.
judges: Wardlaw, Eaton, Collins